## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\* :

| | | |
|---|---|---|
| **SHQIPJON KOLIQI** | : | |
| *Plaintiff* | : | **CIVIL ACTION NO. 3:20-cv-942** |
| | : | |
| **V.** | : | |
| | : | |
| **WALMART STORES, INC. DBA** | : | |
| **WALMART SUPERCENTER,** | : | |
| **WAL-MART REALTY COMPANY DBA** | : | |
| **WALMART SUPERCENTER,** | : | |
| **WAL-MART ASSOCIATES, INC. DBA** | : | |
| **WALMART SUPERCENTER,** | : | |
| **WAL-MART STORES EAST, INC. DBA** | : | |
| **WALMART SUPERCENTER,** | : | |
| **WAL-MART REAL ESTATE BUSINESS** | : | |
| **TRUST DBA WALMART SUPERCENTER** | : | |
| *Defendants* | : | **JULY 8, 2020** |

### DEFENDANTS' NOTICE OF REMOVAL

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT:

The named defendants, Walmart Stores, Inc., Wal-Mart Realty Company, Wal-Mart Associates Inc., Wal-Mart Stores East, Inc., Wal-Mart Stores East, Limited Partnership, and Wal-Mart Real Estate Business Trust ("Defendants") by and through their undersigned counsel, and pursuant to 28 U.S.C.A. § 1332(a) and § 1441, hereby remove this action from the Superior Court, Judicial District of Waterbury, in the State of Connecticut, to the United States District Court for the District of Connecticut and in support of which states as follows:

1.      The plaintiff, Shqipjon Koliqi ("Plaintiff"), commenced an action by service of process against the Defendants in state court entitled, *Shqipjon Koliqi v. Walmart Stores, Inc. et al.*,

- 1 -

returnable to the Superior Court, Judicial District of Waterbury. A copy of the referenced Summons and Complaint are attached hereto as Exhibit A.

2.      This Notice of Removal is timely and filed with this Court within thirty (30) days after receipt by Defendants of the initial pleadings setting forth the claims for relief upon which this action is based. The Defendants were served on or around June 11, 2020.

3.      In his Complaint, the Plaintiff seeks unspecified damages. However, the Plaintiff alleges the following injuries and damages:

      a.      A fracture in the left tibia and fibula;

      b.      Left interior knee pain

      c.      Swelling, pain and discomfort of the left lower extremity;

      d.      Scarring and disfigurement of the left lower extremity

      e.      Contusions to his left lower extremity;

      f.      Restricted range of motion of his left lower extremity;

      g.      Pain, stiffness and discomfort of the left lower extremity;

      h.      Swelling of the left lower extremity;

      i.      Permanent partial disability to his left lower extremity; and

      j.      Associated pain and suffering.

See Exhibit A, Count One, at ¶13(a)-(j). The Plaintiff further alleges that he has incurred medical expenses for the foregoing injuries, including for "surgery, medicine, physical therapy, x-rays, and other diagnostic evaluation." Id. at ¶14. In addition, Plaintiff claims that his "earning capacity has been and will continue to be impaired in the future." Id. at ¶16. Based on Plaintiff's allegations and

ROGIN NASSAU LLC   •   ATTORNEYS AT LAW
CITYPLACE I   •   HARTFORD, CONNECTICUT  06103-3460   •   (860) 256-6300   •   JURIS NO. 050793

Defendants' investigation to date, the damages claimed exceed $75,000.00 upon information and belief.

4.      The Plaintiff alleges that "at all times relevant ... he was a resident of the Town of Waterbury, and State of Connecticut" and alleges to have been injured while "delivering goods" to a Walmart retail store in Naugatuck, Connecticut. on March 5, 2019.

Defendant, Walmart Stores, Inc, is a corporation now known as "Walmart, Inc." organized in the State of Delaware, with a principal place of business in Bentonville, Arkansas. Defendant, Wal-Mart Realty Company is a corporation organized under the laws of the state of Arkansas with a principal place of business in Los Angeles, California. Wal-Mart Associates Inc. is a corporation organized under the laws of the state of Delaware with a principal place of business in Bentonville, Arkansas. Wal-Mart Stores East, Inc. is a corporation organized under the laws of the state of Arkansas with a principal place of business in Bentonville, Arkansas.  Wal-Mart Stores East, Limited Partnership is a Delaware limited partnership with a principal place of business in Bentonville, Arkansas.  Wal-Mart Real Estate Business Trust Wal-Mart East is a foreign business trust organized under the laws of the state of Delaware with a principal place of business in Bentonville, Arkansas

There is complete diversity of citizenship between the Plaintiff and the Defendants.

5.      The above-entitled action is a civil action over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332 and thus may be removed to this Court by the Defendant pursuant to the provisions of 28 U.S.C. § 1441.

6.      This action is removable pursuant to the provisions of 28 U.S.C. § 1441 because this is a civil action wherein the amount in controversy exceeds the sum of or the value of $75,000.00 exclusive of interest and costs, and Plaintiff and Defendants are citizens of different states.

- 3 -

Dated this 8th day of July, 2020.

THE DEFENDANTS

By:    /s/ George C. Springer, Jr.
George C. Springer, Jr. [ct03263]
Rogin Nassau LLC
185 Asylum Street, 22nd Floor
Hartford, CT 06103-3460
Tel: (860) 256-6380
Fax: (860) 278-2179
E-mail: gspringer@roginlaw.com

- 4 -

## <u>CERTIFICATION</u>

This is to certify that a copy of the foregoing was served electronically this 8th day of July 2020 and served by mail on anyone unable to accept electronic filing.   Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail at the addresses shown below to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

Law Offices of Carl A. Secola Jr., LLC
1960 Whitney Avenue
P.O. Box 185400
Hamden, CT 06518

/s/ George C. Springer, Jr.
George C. Springer, Jr. [ct03263]

- 5 -

# EXHIBIT A

# SUMMONS - CIVIL

JD-CV-1   Rev. 2-20
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a, 52-48, 52-259;
P.B. §§ 3-1 through 3-21, 8-1, 10-13

For information on
ADA accommodations,
contact a court clerk or
go to: *www.jud.ct.gov/ADA*.

STATE OF CONNECTICUT
**SUPERIOR COURT**
*www.jud.ct.gov*

Instructions are on page 2.

☐ Select if amount, legal interest, or property in demand, not including interest and costs, is LESS than $2,500.

☒ Select if amount, legal interest, or property in demand, not including interest and costs, is $2,500 or MORE.

☐ Select if claiming other relief in addition to, or in place of, money or damages.

**TO: Any proper officer**
By authority of the State of Connecticut, you are hereby commanded to make due and legal service of this summons and attached complaint.

| Address of court clerk *(Number, street, town and zip code)* | Telephone number of clerk | Return Date *(Must be a Tuesday)* |
|---|---|---|
| 300 Grand Street Waterbury, CT 06702 | ( 203 ) 591 – 3300 | July 21, 2020 |

| | At *(City/Town)* | Case type code *(See list on page 2)* |
|---|---|---|
| ☒ Judicial District   G.A. | Waterbury | Major: **T**   Minor: **02** |
| ☐ Housing Session   ☐ Number: | | |

**For the plaintiff(s) enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented *(Number, street, town and zip code)* | Juris number *(if attorney or law firm)* |
|---|---|
| Law Office of Carl A. Secola Jr. LLC P.O. Box 185400, Hamden, CT 06518 | 434527 |

| Telephone number | Signature of plaintiff *(if self-represented)* |
|---|---|
| ( 203 ) 891 – 5265 | |

The attorney or law firm appearing for the plaintiff, or the plaintiff if
self-represented, agrees to accept papers (service) electronically
in this case under Section 10-13 of the Connecticut Practice Book.   ☐ Yes  ☒ No

E-mail address for delivery of papers under Section 10-13 of the
Connecticut Practice Book *(if agreed)*

| Parties | Name (Last, First, Middle Initial) and address of each party *(Number; street; P.O. Box; town; state; zip; country, if not USA)* | |
|---|---|---|
| **First plaintiff** | Name: **Koliqi, Shqipjon**<br>Address: 279 Oakville Avenue, Waterbury, CT 06708 | P-01 |
| **Additional plaintiff** | Name:<br>Address: | P-02 |
| **First defendant** | Name: **Walmart Stores Inc. DBA Walmart Supercenter, 1100 New Haven Road, Naugatuck, CT**<br>Address: Agent: C T Corporation System, 67 Burnside Avenue, East Hartford, CT 06108-3408 | D-01 |
| **Additional defendant** | Name: Wal-Mart Realty Company, DBA Walmart Supercenter, 1100 New Haven Road, Naugatuck, CT<br>Address: Agent: C T Corporation System, 67 Burnside Avenue, East Hartford, CT 06108-3408 | D-02 |
| **Additional defendant** | Name: Wal-Mart Associates Inc. DBA Walmart Supercenter, 1100 New haven Road, Naugatuck, CT<br>Address: Agent: C T Corporation System, 67 Burnside Avenue, East Hartford, CT 06108-3408 | D-03 |
| **Additional defendant** | Name: Wal-Mart Stores East Inc. DBA Walmart Supercenter, 1100 New Haven Road, Naugatuck, CT<br>Address: Agent: Denise Merrill, State of Connecticut Secretary of State, 30 Trinity Street, Hartford, CT 06106 | D-04 |

| Total number of plaintiffs: 1 | Total number of defendants: 6 | ☒ Form JD-CV-2 attached for additional parties |
|---|---|---|

## Notice to each defendant

1. **You are being sued.** This is a summons in a lawsuit. The complaint attached states the claims the plaintiff is making against you.
2. To receive further notices, you or your attorney must file an *Appearance* (form JD-CL-12) with the clerk at the address above. Generally, it must be filed on or before the second day after the Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to appear.
3. If you or your attorney do not file an *Appearance* on time, a default judgment may be entered against you. You can get an *Appearance* form at the court address above, or on-line at https://jud.ct.gov/webforms/.
4. If you believe that you have insurance that may cover the claim being made against you in this lawsuit, you should immediately contact your insurance representative. Other actions you may take are described in the Connecticut Practice Book, which may be found in a superior court law library or on-line at https://www.jud.ct.gov/pb.htm.
5. If you have questions about the summons and complaint, you should talk to an attorney.
   The court staff is not allowed to give advice on legal matters.

| Date | Signed *(Sign and select proper box)* | ☒ Commissioner of Superior Court | Name of person signing |
|---|---|---|---|
| June 3, 2020 | | ☐ Clerk | Carl A. Secola Jr. |

For Court Use Only

If this summons is signed by a Clerk:
a. The signing has been done so that the plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the plaintiff(s) to ensure that service is made in the manner provided by law.
c. The court staff is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this summons at the request of the plaintiff(s) is not responsible in any way for any errors or omissions in the summons, any allegations contained in the complaint, or the service of the summons or complaint.

File Date

| I certify I have read and understand the above: | Signed *(Self-represented plaintiff)* | Date | Docket Number |
|---|---|---|---|

Print Form   Page 1 of 2   Reset Form

# CIVIL SUMMONS
·CONTINUATION OF PARTIES
JD-CV-2   Rev. 9-12

STATE OF CONNECTICUT
SUPERIOR COURT

First named Plaintiff *(Last, First, Middle Initial)*

**Koliqi, Shqipjon**

First named Defendant *(Last, First, Middle Initial)*

**Walmart Stores Inc. DBA Walmart Supercenter**

## Additional Plaintiffs

| Name *(Last, First, Middle Initial, if individual)* | Address *(Number, Street, Town and Zip Code)* | CODE |
|---|---|---|
| | | 03 |
| | | 04 |
| | | 05 |
| | | 06 |
| | | 07 |
| | | 08 |
| | | 09 |
| | | 10 |
| | | 11 |
| | | 12 |
| | | 13 |

## Additional Defendants

| Name *(Last, First, Middle Initial, if individual)* | Address *(Number, Street, Town and Zip Code)* | CODE |
|---|---|---|
| Walmart Stores East Limited Partnership, DBA Walmart Supercenter, 1100 New Haven Road, Naugatuck, CT, Agent: C T Corporation System, 67 Burnside Avenue, East Hartford, CT 06108-3408 | | 05 |
| Wal-Mart Real Estate Business Trust, DBA Walmart Supercenter, 1100 New Haven Road, Naugatuck, CT, Agent: Pursuant to C.G.S. 32-539c, State of Connecticut Secretary of State, Denise Merrill, 30 Trinity Street, Hartford, CT 06106-0470 | | 06 |
| | | 07 |
| | | 08 |
| | | 09 |
| | | 10 |
| | | 11 |

| | | |
|---|---|---|
| | 12 | **FOR COURT USE ONLY - File Date** |
| | 13 | |
| | 14 | **Docket number** |

**CIVIL SUMMONS-Continuation**

Print Form        Reset Form

**Instructions**

1. Type or print legibly. If you are a self-represented party, this summons must be signed by a clerk of the court.

2. If there is more than one defendant, make a copy of the summons for each additional defendant. Each defendant must receive a copy of this summons. Each copy of the summons must show who signed the summons and when it was signed. If there are more than two plaintiffs or more than four defendants, complete the Civil Summons Continuation of Parties (form JD-CV-2) and attach it to the original and all copies of the summons.

3. Attach the summons to the complaint, and attach a copy of the complaint to each copy of the complaint. Include a copy of the Civil Summons Continuation of Parties form, if applicable.

4. After service has been made by a proper officer, file the original papers and the officer's return of service with the clerk of the court.

5. Use this summons for the case type codes shown below.

Do not use this summons for the following actions:

(a) Family matters (for example divorce, child support, custody, paternity, and visitation matters)

(b) Any actions or proceedings in which an attachment, garnishment or replevy is sought

(c) Applications for change of name

(d) Probate appeals

(e) Administrative appeals

(f) Proceedings pertaining to arbitration

(g) Summary Process (Eviction) actions

(h) Entry and Detainer proceedings

(i) Housing Code Enforcement actions

## Case Type Codes

| MAJOR DESCRIPTION | CODE Major/Minor | MINOR DESCRIPTION | MAJOR DESCRIPTION | CODE Major/Minor | MINOR DESCRIPTION |
|---|---|---|---|---|---|
| Contracts | C 00 | Construction - All other | Property | P 00 | Foreclosure |
| | C 10 | Construction - State and Local | | P 10 | Partition |
| | C 20 | Insurance Policy | | P 20 | Quiet Title/Discharge of Mortgage or Lien |
| | C 30 | Specific Performance | | P 30 | Asset Forfeiture |
| | C 40 | Collections | | P 90 | All other |
| | C 50 | Uninsured/Underinsured Motorist Coverage | Torts (Other than Vehicular) | T 02 | Defective Premises - Private - Snow or Ice |
| | C 60 | Uniform Limited Liability Company Act – C.G.S. 34-243 | | T 03 | Defective Premises - Private - Other |
| | C 90 | All other | | T 11 | Defective Premises - Public - Snow or Ice |
| Eminent Domain | E 00 | State Highway Condemnation | | T 12 | Defective Premises - Public - Other |
| | E 10 | Redevelopment Condemnation | | T 20 | Products Liability - Other than Vehicular |
| | E 20 | Other State or Municipal Agencies | | T 28 | Malpractice - Medical |
| | E 30 | Public Utilities & Gas Transmission Companies | | T 29 | Malpractice - Legal |
| | E 90 | All other | | T 30 | Malpractice - All other |
| | | | | T 40 | Assault and Battery |
| Housing | H 10 | Housing - Return of Security Deposit | | T 50 | Defamation |
| | H 12 | Housing - Rent and/or Damages | | T 61 | Animals - Dog |
| | H 40 | Housing - Housing - Audita Querela/Injunction | | T 69 | Animals - Other |
| | H 50 | Housing - Administrative Appeal | | T 70 | False Arrest |
| | H 60 | Housing - Municipal Enforcement | | T 71 | Fire Damage |
| | H 90 | Housing - All Other | | T 90 | All other |
| Miscellaneous | M 00 | Injunction | | | |
| | M 10 | Receivership | Vehicular Torts | V 01 | Motor Vehicles* - Driver and/or Passenger(s) vs. Driver(s) |
| | M 15 | Receivership for Abandoned/Blighted Property | | V 04 | Motor Vehicles* - Pedestrian vs. Driver |
| | M 20 | Mandamus | | V 05 | Motor Vehicles* - Property Damage only |
| | M 30 | Habeas Corpus (extradition, release from Penal Institution) | | V 06 | Motor Vehicle* - Products Liability Including Warranty |
| | M 40 | Arbitration | | V 09 | Motor Vehicle* - All other |
| | M 50 | Declaratory Judgment | | V 10 | Boats |
| | M 63 | Bar Discipline | | V 20 | Airplanes |
| | M 66 | Department of Labor Unemployment Compensation Enforcement | | V 30 | Railroads |
| | | | | V 40 | Snowmobiles |
| | M 68 | Bar Discipline - Inactive Status | | V 90 | All other |
| | M 70 | Municipal Ordinance and Regulation Enforcement | | | *Motor Vehicles include cars, trucks, motorcycles, and motor scooters. |
| | M 80 | Foreign Civil Judgments - C.G.S. 52-604 & C.G.S. 50a-30 | | | |
| | M 83 | Small Claims Transfer to Regular Docket | Wills, Estates and Trusts | W 10 | Construction of Wills and Trusts |
| | M 84 | Foreign Protective Order | | W 90 | All other |
| | M 89 | CHRO Action in the Public Interest - P.A. 19-93 | | | |
| | M 90 | All other | | | |

[ Print Form ]          [ Reset Form ]

RETURN DATE: JULY 21, 2020       :      SUPERIOR COURT

SHQIPJON KOLIQI               :      J.D. OF WATERBURY

V.                                      :      AT WATERBURY

WALMART STORES INC. DBA
WALMART SUPERCENTER,
WAL-MART REALTY COMPANY
DBA WALMART SUPERCENTER,
WAL-MART ASSOCIATES INC.
DBA WALMART SUPERCENTER,
WALMART STORES EAST INC.
DBA WALMART SUPERCENTER
AND WAL-MART REAL ESTATE
BUSINESS TRUST DBA WALMART
SUPERCENTER                    :      JUNE 3, 2020

## COMPLAINT

    1.     At all times relevant, Plaintiff Koliqi Shqipjon was a resident of the Town of Waterbury, and State of Connecticut.

    2.     At all times relevant, Defendant Walmart Stores Inc., DBA Walmart Supercenter, was and continues to be a corporation conducting business, in the Town of Naugatuck and State of Connecticut. At all times relevant, the above named defendant along with its and or their duly authorized agents, servants and/or employees owned, possessed, managed, controlled and/or were responsible for the care and maintenance of the parking lots and loading and delivery areas located at the Walmart Supercenter located at 1100 New Haven Avenue, Naugatuck, Connecticut

THE LAW OFFICE OF CARL A. SECOLA, JR., L.L.C.
1960 Whitney Avenue, Second Floor • P.O. Box 185400 • Hamden, Connecticut  06518
Telephone (203) 891-5265 • Facsimile (203) 745-5584
Juris No. 434527

(hereinafter "subject premises").

 3. At all times relevant, Defendant Walmart Wal-Mart Realty Company, DBA Walmart Supercenter, was and continues to be a corporation conducting business, in the Town of Naugatuck and State of Connecticut.  At all times relevant, the above named defendant along with its and or their duly authorized agents, servants and/or employees owned, possessed, managed, controlled and/or were responsible for the care and maintenance of the parking lots and loading and delivery areas located at the Walmart Supercenter located at 1100 New Haven Avenue, Naugatuck, Connecticut (hereinafter "subject premises").

 4. At all times relevant, Defendant Walmart Wal-Mart Associates Inc., DBA Walmart Supercenter, was and continues to be a corporation conducting business, in the Town of Naugatuck and State of Connecticut.  At all times relevant, the above named defendant along with its and or their duly authorized agents, servants and/or employees owned, possessed, managed, controlled and/or were responsible for the care and maintenance of the parking lots and loading and delivery areas located at the Walmart Supercenter located at 1100 New Haven Avenue, Naugatuck, Connecticut (hereinafter "subject premises").

 5. At all times relevant, Defendant Walmart Stores East Inc., DBA Walmart Supercenter, was and continues to be a corporation conducting business, in the Town of Naugatuck and State of Connecticut.  At all times relevant, the above named defendant along with its and or

their duly authorized agents, servants and/or employees owned, possessed, managed, controlled and/or were responsible for the care and maintenance of the parking lots and loading and delivery areas located at the Walmart Supercenter located at 1100 New Haven Avenue, Naugatuck, Connecticut (hereinafter "subject premises").

6.     At all times relevant, Defendant Wal-Mart Real Estate Business Trust, DBA Walmart Supercenter, was and continues to be a corporation conducting business, in the Town of Naugatuck and State of Connecticut.  At all times relevant, the above named defendant along with its and or their duly authorized agents, servants and/or employees owned, possessed, managed, controlled and/or were responsible for the care and maintenance of the parking lots and loading and delivery areas located at the Walmart Supercenter located at 1100 New Haven Avenue, Naugatuck, Connecticut (hereinafter "subject premises").

7.     On or about March 5, 2019, the Plaintiff was lawfully upon the subject premises as a business invitee for the purposes of delivering goods to the Walmart Supercenter at said location.

8.     At said time and place the plaintiff drove a delivery truck around the back of the Walmart Supercenter Store to the receiving area in order to deliver certain baked goods to the store.

9.     After parking the truck in the area designated for delivery vehicles the plaintiff made his way out of the truck in order to remove goods from the delivery truck and bring them to

the receiving door.

10.     As the plaintiff was making his way across the paved area between his truck and the receiving door he was caused to slip and fall on a large accumulation of ice.

11.     Plaintiff's fall and the consequences emanating from it were a direct and proximate result of the negligence and carelessness of Walmart Stores Inc. DBA Walmart Supercenter, along with its, and or their, duly authorized representatives, agents, apparent agents, servants and/or employees in that it and/or they:

> a.  failed and neglected to maintain the subject premises in a safe condition;
>
> b.  permitted a dangerous and defective condition to exist, namely the accumulation of ice in the paved parking area where deliveries were made to the receiving department of said Walmart Supercenter Store, which posed an unreasonable risk for persons lawfully upon the subject premises, such as Plaintiff;
>
> c.  failed to take any preventative measures, such as the removal of the ice from the area in question to protect the Plaintiff and others lawfully on the premises;
>
> d.  failed to take any action to make the parking lot and paved area

where deliveries were made a safe means of ingress and egress for the Plaintiff and others lawfully on the premises;

e. knew or reasonably should have known that the aforesaid dangerous and defective condition existed but failed and neglected to remedy said condition;

f. knew or should have known that the ice which made the paved area in question slippery existed for an unreasonable duration of time, and as a result, a dangerous and unsafe condition resulted in the specific condition which caused the Plaintiff to slip and fall forcibly to the ground;

g. knew or should have known that the accumulation of the aforesaid ice posed an unreasonable risk of injury to all those lawfully upon the premises;

h. knew or reasonably should have known that the dangerous and defective condition existing on the paved area in question could be the direct cause of injuries to persons lawfully entering and exiting the receiving area of the premises such as the plaintiff;

i. knew or reasonably should have known of the dangerous and

defective condition that existed or was created, yet failed to take adequate measures to remove or repair said condition when the same was necessary under the circumstances then and there existing;

j.  failed to warn the Plaintiff or others lawfully on the subject premises of the dangerous and defective condition;

k.  failed to make proper and reasonable inspections of the paved area in question when the same was reasonably necessary under all of the circumstances then and there present;

l.  failed to remove said dangerous and defective condition;

m.  failed to erect or maintain proper safeguards, warnings, and/or signs, or failed to otherwise warn Plaintiff of the aforesaid dangerous conditions;

n.  permitted a dangerous and defective condition to exist, namely the accumulation of ice which created a highly dangerous and defective condition;

o.  permitted a dangerous and defective condition to exist, namely a depression in the paved area in question which served as a

collecting area for precipitation and runoff from melting snow and ice which was then subject to refreezing which created a highly dangerous and defective condition;

p.  failed and neglected to remedy said condition when they knew or should have known that the same was reasonably necessary under all the circumstances then and there existing;

q.  failed to take any preventative measures to protect Plaintiff and other persons lawfully upon the premises or to take any action to make the premises safe for all those lawfully upon the premises, including Plaintiff;

r.  knew or reasonably should have known that the failure to promptly remedy the situation created an unreasonable risk for Plaintiff and other business invitees yet failed to take any action to prevent, remedy, correct, reduce or eliminate the dangerous condition;

s.  failed to properly train and/or supervise its agents, servants, and/or employees with regard to the care and maintenance of the subject premises;

t.  failed to properly train and/or supervise its employees with regard to the removal of snow and ice from the subject premises;

u.  although it knew or reasonably should have known of the risk that existed or that was created, it failed to remove the ice and snow when doing so was reasonably necessary under all the circumstances then and there existing;

v.  failed to make reasonable inspections of the premises to detect the existence of the aforementioned dangerous and defective condition when it knew or reasonably should have known that said inspections were necessary under all the circumstances then and there existing;

w.  knew or should have known that the depression in the asphalt parking area would collect water resulting from melting and refreezing of piles of snow and ice piled in the vicinity of said parking area which served as a collecting area for melting snow and ice which were then subject to refreezing and creating ice patches on the paved area in question yet they failed to take steps to alter or repair the paved area in question when they knew or

should have known the same was reasonably necessary under all
the circumstances then and there present;

x.  failed to place sand, salt or other substances necessary to make
the surface less slippery and or to melt the ice when they knew
or should have known the same was necessary under all the
circumstances then and there present;

y.  failed to remove the accumulation of ice and snow in a timely
manner under all of the circumstances then and there existing;

z.  failed to erect or maintain proper safeguards, warnings and
signs, or failed to otherwise warn Plaintiff of the aforesaid
dangerous conditions;

aa. failed to exercise reasonable care under all of the circumstances
then and there existing;

bb. in that they designed and constructed the paved area in such a
way so as to create a pitched surface which would collect water,
precipitation, melting snow and ice as well as runoff from the
surrounding impervious surfaces and structures thereby
directing it into the depression and thereafter freezing or

refreezing resulting in an unreasonably dangerous condition for persons lawfully upon the premises;

cc. failed to acquire the appropriate equipment necessary to properly clear the paved area of accumulations of ice and snow and to spread sand or salt or other abrasive or melting agents when the same was reasonably necessary under all the circumstances then and there present;

dd. failed to hire or provide its own snow and ice removal service when it knew or should have known the same was reasonably necessary under all the circumstances then and there present; and

ee. in that they failed to take any steps to remove the snow or ice from the paved area and to take any steps to spread any substances which would make the parking area less slippery and or aid in melting said accumulation of ice and snow.

ff. In that they piled or allowed to be piled snow and ice from previous storms in close proximity to the depressed area of the pavement when they knew or should have known piling snow

THE LAW OFFICE OF CARL A. SECOLA, JR., L.L.C.
1960 Whitney Avenue, Second Floor • P.O. Box 185400 • Hamden, Connecticut 06518
Telephone (203) 891-5265 • Facsimile (203) 745-5584
Juris No. 434527

Case 3:20-cv-00942-VLB    Document 1    Filed 07/08/20    Page 20 of 25

and or ice in that manner in that location would result in the type

of hazardous condition which caused the plaintiff to fall.

12.     At all times relevant, the Defendant, its agents, servants and/or employees were under a duty to keep and maintain the subject premises in a reasonably safe condition for the protection of the Plaintiff and all other persons lawfully upon and using said premises.

13.     As a direct result of the aforesaid negligence and carelessness of the Defendant, its agents, servants and/or employees, Plaintiff suffered from the following serious personal injuries some, or all, of which may be permanent in their nature:

    a. A fracture in the left tibia and fibula

    b. Left interior knee pain

    c. swelling, pain and discomfort of the left lower extremity;

    d. scarring and disfigurement of the left lower extremity

    e. contusions to his left lower extremity;

    f. restricted range of motion of his left lower extremity;

    g. pain, stiffness and discomfort of the left lower extremity;

    h. swelling of the left lower extremity;

    i. permanent partial disability to his left lower extremity;

    j. associated pain and suffering.

THE LAW OFFICE OF CARL A. SECOLA, JR., L.L.C.
1960 Whitney Avenue, Second Floor • P.O. Box 185400 • Hamden, Connecticut 06518
Telephone (203) 891-5265 • Facsimile (203) 745-5584
Juris No. 434527

14.     As a further result of the negligence and carelessness of the Defendants, its and or their agents, servants and/or employees, Plaintiff incurred and will continue to incur expenses for medical care and treatment, including, but not limited to orthopaedic consultation; surgery, medicine, physical therapy, x-rays and other diagnostic evaluation, all of which has and will continue to cause his loss and damage in the future.

15.     As a further direct and proximate result of the carelessness and negligence of the Defendants, its and or their agents, servants and/or employees, the Plaintiff has been caused to suffer an overall physical discomfort which imposes severe limitations on his ability and capacity to carry on and enjoy all of life's activities and his ability to partake in and enjoy life's activities has been impaired as a direct result of said incident.

16.     As a further direct and proximate result of the carelessness and negligence of the Defendants, its and or their agents, servants and/or employees, the Plaintiff's earning capacity has been and will continue to be impaired in the future.

**COUNT TWO:**

1-10. Paragraphs 1-10 of the First Count are hereby incorporated and made paragraphs 1-10 of the Second Count as if fully set forth herein.

11.     Plaintiff's fall and the consequences emanating from it were a direct and proximate result of the negligence and carelessness of Wal-Mart Realty Company DBA Walmart

Supercenter, along with its, and or their, duly authorized representatives, agents, apparent agents, servants and/or employees in one or more of the ways set forth in the subparagraphs of paragraph 11 of the First Count and said subparagraphs are hereby incorporated by reference as if fully set forth herein.

12.     Paragraphs 12-16 of the First Count are hereby incorporated by reference as if fully set forth herein.

## COUNT THREE:

1-10. Paragraphs 1-10 of the First Count are hereby incorporated and made paragraphs 1-10 of the Third Count as if fully set forth herein.

11.     Plaintiff's fall and the consequences emanating from it were a direct and proximate result of the negligence and carelessness of Wal-Mart Associates Inc. DBA Walmart Supercenter, along with its, and or their, duly authorized representatives, agents, apparent agents, servants and/or employees in one or more of the ways set forth in the subparagraphs of paragraph 11 of the First Count and said subparagraphs are hereby incorporated by reference as if fully set forth herein.

12.     Paragraphs 12-16 of the First Count are hereby incorporated by reference as if fully set forth herein.

THE LAW OFFICE OF CARL A. SECOLA, JR., L.L.C.
1960 Whitney Avenue, Second Floor • P.O. Box 185400 • Hamden, Connecticut 06518
Telephone (203) 891-5265 • Facsimile (203) 745-5584
Juris No. 434527

**COUNT FOUR:**

1-10. Paragraphs 1-10 of the First Count are hereby incorporated and made paragraphs 1-10 of the Third Count as if fully set forth herein.

11.     Plaintiff's fall and the consequences emanating from it were a direct and proximate result of the negligence and carelessness of Walmart Stores East Inc. DBA Walmart Supercenter, along with its, and or their, duly authorized representatives, agents, apparent agents, servants and/or employees in one or more of the ways set forth in the subparagraphs of paragraph 11 of the First Count and said subparagraphs are hereby incorporated by reference as if fully set forth herein.

12.     Paragraphs 12-16 of the First Count are hereby incorporated by reference as if fully set forth herein.

**COUNT FIVE:**

1-10. Paragraphs 1-10 of the First Count are hereby incorporated and made paragraphs 1-10 of the Third Count as if fully set forth herein.

11.     Plaintiff's fall and the consequences emanating from it were a direct and proximate result of the negligence and carelessness of Wal-Mart Real Estate Business Trust DBA Walmart Supercenter, along with its, and or their, duly authorized representatives, agents, apparent agents, servants and/or employees in one or more of the ways set forth in the

subparagraphs of paragraph 11 of the First Count and said subparagraphs are hereby incorporated by reference as if fully set forth herein.

12.     Paragraphs 12-16 of the First Count are hereby incorporated by reference as if fully set forth herein.

THE PLAINTIFF

BY: _____

Carl A. Secola Jr.
Law Office of Carl A. Secola Jr. LLC
1960 Whitney Avenue
Hamden, CT 06517

WHEREFORE, The Plaintiff Claims:
1.  Monetary Damages
2.  Such other relief as law and equity may provide;

THE PLAINTIFF,

By: _____

Carl A. Secola Jr.

RETURN DATE: JULY 21, 2020        :        SUPERIOR COURT

KOLIQI SHQIPJON        :        J.D. OF WATERBURY

V.        :        AT WATERBURY

WALMART SUPERCENTER        :        JUNE 3, 2020

## STATEMENT OF AMOUNT IN DEMAND

The amount in demand, exclusive of interest and costs is more than fifteen thousand dollars ($15,000.00).

THE PLAINTIFF

By: _____

Carl A. Secola Jr.
Law Office of Carl A. Secola Jr. LLC

THE LAW OFFICE OF CARL A. SECOLA, JR., L.L.C.
1960 Whitney Avenue, Second Floor • P.O. Box 185400 • Hamden, Connecticut 06518
Telephone (203) 891-5265 • Facsimile (203) 745-5584
Juris No. 434527