UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SHQIPJON KOLIQI<br>    Plaintiff,<br><br>v.<br><br>WALMART STORES, INC.<br>WAL-MART REALTY, CO.<br>WAL-MART ASSOCIATES, INC.<br>WALMART STORES EAST, INC.<br>WAL-MART REAL ESTATE BUSINESS TRUST<br>WAL-MART STORES EAST, L.P.<br>    Defendants | No. 3:20-cv-942(VLB)<br><br>December 28, 2020 |

**ORDER DENYING WITHOUT PREJUDICE [DKT. 22] PLAINTIFF'S MOTION TO AMEND THE COMPLAINT AND JOIN ADDITIONAL PARTIES**

Before the Court is Plaintiff Shqipjon Koliqi's Motion to Amend the Complaint. [Dkt. 22]. For reasons set forth below, the Court DENIES Plaintiff's motion to amend without prejudice to renewal within fourteen days of this Order.

On or around June 11, 2020, Defendants were served with a complaint styled *Shqipjon Koliqi v. Walmart Stores, Inc., Wal-Mart Realty Company, Wal-Mart Associates Inc., Wal-Mart Stores East, Inc., Wal-Mart Stores East, Limited Partnership, and Wal-Mart Real Estate Business Trust*, filed in Superior Court for the Judicial District of Waterbury, Connecticut. [Dkt. 1 (Def. Not. of Removal)]. The suit arises from alleged bodily injuries that Plaintiff sustained after he slipped and fell on an accumulation of ice while making a delivery to a Wal-Mart store in Naugatuck, Connecticut in March of 2019. [Dkt. 1, Ex. A. (Compl.) ¶¶ 7-11].

1

The Defendants invoked 28 U.S.C. § 1441 and removed this matter pursuant to the Court's diversity jurisdiction, 28. U.S.C § 1332. All of the Defendants are Delaware domiciled business entities and, except for Wal-Mart Realty Company, each business entity maintains their principle place of business in Arkansas; Wal-Mart Realty Company's principle place of business is in California. [*Id.* at 2-3]. Plaintiff was a Connecticut resident at all times relevant. [*Id.* at 2]. Based on the scope of Plaintiff's claimed injuries, some of which were alleged to be permanent or long-term in nature, Defendants averred that the amount in controversy exceeded $75,000. [*Id.* at 2-3]. Plaintiff did not seek remand. Therefore, the Court has original subject matter jurisdiction in this case based on the parties' diversity of citizenship. 28 U.S.C. § 1332.

After initial discovery disclosures, Plaintiff has moved to amend the Complaint. [Dkt. 22]. According to Plaintiff's motion, the amendment is intended to correct several scrivener errors, to add an additional allegation of negligence based on photographic evidence provided by Defendants in their initial disclosure, and to join two additional parties, TJ Property Management, LLC and Michael Sweeney DBA Sweeney Enterprises LLC. [*Id.*]

First, the Court denies without prejudice Plaintiff's motion to amend the complaint as to the purported scrivener errors and the additional allegations of negligence. Plaintiff's motion does not comply with Local Rule 7(f) in both respects, which requires:

> a statement of the movant that: (i) the movant has inquired of all non-moving parties and there is agreement or objection to the motion; or (ii) despite

2

diligent effort, including making the inquiry in sufficient time to afford non-movant a reasonable opportunity to respond, the movant cannot ascertain the position(s) of the non-movant(s), and (2) in cases in which the movant is represented by counsel, be accompanied by both a redlined version of the proposed amended pleading showing the changes proposed against the current pleading and a clean version of the proposed amended pleading.

Compliance with this rule is necessary for the prompt disposition of the motion to amend on the merits without undue outlay of judicial resources. Accordingly, Plaintiff's motion to amend is DENIED without prejudice to refiling within 14 days, accompanied by a brief that complies with Local Rule 7(f) and an accompanying redline version of the amended complaint showing the proposed changes.

The Court also notes that the paragraphs in the proposed amended complaint are not sequentially numbered accurately to reflect the inclusion of new paragraphs for the proposed additional defendants. Plaintiff shall correct the paragraph numbering if the proposed amended complaint is refiled in accordance with Fed. R. Civ. P. 10(b).

Second, the Court turns to Plaintiff's proposed joinder of additional defendants. According to Plaintiff's proposed amended complaint, one or more of the Wal-Mart entity defendants hired TJ's Property Management LLC to manage and maintain the premises where Plaintiff slipped and fell. [Dkt. 22-1 (Pl. Proposed Am. Compl.) ¶ 7]. One or more of the defendants hired Michael Sweeney DBA Sweeney Enterprises LLC as a snow removal and sanding contractor for the subject premises. [*Id.* ¶ 8]. Both TJ's Property Management LLC and Sweeney Enterprises LLC are Connecticut Limited Liability Corporations that maintain

principle places of business in Connecticut. [*Id.* ¶¶ 7-8]. The proposed amended complaint alleges that both these entities were negligent in fulfilling their duties to maintain the premises, resulting in Plaintiff's injury. [*Id.* ¶ 13].

The jurisdictional effect of the proposed joinder was not addressed by Plaintiff, but the Court must address it *sua sponte*. *See Shanshan Shao v. Beta Pharma, Inc.*, No. 3:14-CV-01177(CSH), 2018 WL 1882855, at *2 (D. Conn. Apr. 19, 2018). The addition of these defendants would defeat federal subject matter jurisdiction over this case, as it is based solely on diversity of citizenship pursuant to 28 U.S.C. § 1332. *See* [Dkt. 1 (Not. of Removal)]. "Diversity is not complete if any plaintiff is a citizen of the same state as any defendant." *St. Paul Fire and Marine Ins. Co. v. Universal Builders Supply*, 409 F.3d 73, 80 (2d Cir. 2005). Here, Plaintiff and the two proposed defendants to be joined are citizens of Connecticut and there is no basis asserted to established federal question jurisdiction under 28 U.S.C. § 1331.

Pursuant to 28 U.S.C. 1447(e), "if after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." Thus, the Court must decide whether to deny joiner or permit joinder and remand the action to state court; in other words, the Court cannot grant Plaintiff's motion to join these parties and retain jurisdiction over the case. District courts consider a multitude of factors in determining whether to exercise their discretion to permit the joinder and remand the case or to deny the proposed joinder. *See Garland v. RLI Ins. Co.,* 491 F. Supp. 2d 338, 340 (W.D.N.Y. 2007)(discussing case-specific

4

factors considered in courts exercise of discretion under § 1447(e)). District courts will permit a joinder which destroys diversity in removed actions only when consistent with principles of fundamental fairness as appraised using the following factors: (1) any delay, as well as the reason for delay, in seeking joinder; (2) resulting prejudice to defendant; (3) likelihood of multiple litigation; and (4) plaintiff's motivation for the amendment. *Wilmington Sav. Fund Soc'y, FSB v. Universitas Educ., LLC*, 164 F. Supp. 3d 273 (D. Conn. 2016).

If Plaintiff wishes to join these parties, Plaintiff must set forth the jurisdictional basis for why these parties should be joined and the matter remanded to state court. *See Shanshan Shao*, 2018 WL 1882855, at *5. Apart from compliance with the internal deadlines set by the parties, Plaintiff's motion does not state why joinder of these parties is permissible under Fed. R. Civ. P. 20(a), nor does Plaintiff inform the Court of how and when Plaintiff learned of the involvement of these additional parties, or when, considering the exercise of careful diligence, the earliest Plaintiff could have ascertained their identities.

If Plaintiff elects to pursue joinder of these parties, Plaintiff shall renew the motion and file a brief addressing the legal and factual basis for joinder within 14 days of this Order. Plaintiff's renewed motion must comply with Local Rule 7(f) and the paragraphs in the proposed amended complaint must be properly numbered in accordance with Fed. R. Civ. P. 10(b). The Defendants shall respond within 14 days of Plaintiff's renewed motion.

Case 3:20-cv-00942-VLB   Document 24   Filed 12/28/20   Page 6 of 6

IT IS SO ORDERED

_____/s/_____

**Hon. Vanessa L. Bryant**
**United States District Judge**

**Dated at Hartford, Connecticut: December 28, 2020**

6